DA 11-0409

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 318N

IN THE MATTER OF:

J.P.M.,

    A Youth in Need of Care.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DN 09-051(C)
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Elizabeth Thomas, Attorney at Law, Missoula, Montana

        For Appellee:

        Steve Bullock, Montana Attorney General; Mark W. Mattioli, Assistant
Attorney General, Helena, Montana

        Ed Corrigan, Flathead County Attorney; Katie Schulz, Deputy County
Attorney, Kalispell, Montana

Submitted on Briefs:  November 23, 2011

Decided:  December 20, 2011

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Mother appeals the District Court's order terminating her parental rights. We affirm.

¶3 The Department of Public Health and Human Services (the Department) filed its initial petition for emergency protective services and temporary investigative authority following mother's arrest on a felony warrant for writing bad checks. J.P.M. was 11 years old at the time. The Department contended that J.P.M. was being neglected. The Department based this contention on reports that it received, dating back to 2008, that mother had been slapping J.P.M. in the face and hitting him. J.P.M. eventually ran away after being exposed to domestic violence between mother and her boyfriend. J.P.M. began showing up at school dirty, wearing soiled clothes, and smelling bad. He also had been suspended from school for an assault.

¶4 J.P.M. was in foster care by the time the Department petitioned for temporary legal custody in September 2009. Mother stipulated to temporary investigative authority and temporary legal custody by the Department. The parties eventually agreed to a treatment plan.

¶5 The treatment program focused on family therapy that allowed mother to learn how to parent J.P.M. effectively. Mother failed in complying with the plan. She continued in an

2

abusive relationship with her boyfriend despite an order from the court. The boyfriend beat her several times in J.P.M.'s presence. The boyfriend continued to live with mother and J.P.M. despite the court's order. J.P.M. told social workers that mother had urged him to lie about the boyfriend living with them.

¶6 The Department eventually allowed mother to have a six-week trial home visitation with J.P.M. This venture failed. Mother's family counselor kicked her out of treatment. Among other matters, mother had failed to attend drug and alcohol testing sessions. The Department finally sought to terminate mother's parental rights based on her failure to comply with the treatment plan. J.P.M. had been living in foster care for 19 of the previous 22 months at the time of the termination hearing.

¶7 The District Court found that mother did not demonstrate the abilities to provide J.P.M. with a safe and stable living environment. The court based its finding on the fact that mother had lived with her boyfriend from January 2010 through April 2010 despite a court order prohibiting this living arrangement. The court further cited the fact that mother had lied to J.P.M. and the Department, mother had encouraged J.P.M. to lie, mother had been convicted of a DUI in September 2010, and the mother had been involved in a domestic violence incident in March 2011. The court further cited the requirement that it give primary consideration to the emotional needs of J.P.M. These needs include his health, a safe childhood, and a stable and permanent environment. The court terminated mother's parental rights. Mother appeals.

¶8 Mother argues on appeal that she was making progress in complying with her treatment plan. She further contends that the court had options, short of termination, that would have provided for the needs of J.P.M. We review for an abuse of discretion a district court's termination of parental rights. *In re I.B.*, 2011 MT 82, ¶ 18, 360 Mont. 132, 255 P.3d 56. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provides for memorandum opinions. It is manifest on the face of the briefs and record before us that the District Court did not abuse its discretion in terminating mother's parental rights.

¶9 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JAMES C. NELSON